IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Loreen Daly, ) | C/A No.: 0:15-1930-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| SunTrust Mortgage, Inc.; SunTrust ) | |
| Banks, Inc.; SunTrust Bank; Parker Poe; ) | |
| and Krista M. McGuire, Esq., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Loreen Daly, proceeding pro se, filed this case in the Court of Common Pleas for York County, South Carolina, on February 24, 2015, alleging state law causes of action and a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). [ECF No. 1-1]. She alleges SunTrust Mortgage, Inc., SunTrust Banks, Inc., and SunTrust Bank (collectively "SunTrust") failed to have negative credit information removed from her credit report pursuant to a Settlement Agreement ("Agreement") reached in a state foreclosure action ("Foreclosure Action"). She sues the law firm of Parker Poe and one of its attorneys, Krista M. McGuire, Esq. ("Law Firm Defendants"), as counsel for SunTrust in the Foreclosure Action. Defendants removed the action to this court on May 6, 2015. [ECF No. 1].

This matter comes before the court on (1) Law Firm Defendants' motions, originally filed in state court, for complex case designation [ECF No. 4] and to dismiss [ECF No. 5]; (2) Plaintiff's motions to amend the complaint [ECF No. 15] and to remand

[ECF No. 16]; (3) motion to dismiss of SunTrust Banks, Inc., and SunTrust Bank [ECF No. 9]; and (4) SunTrust's motion for judgment on the pleadings [ECF No. 20]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if she failed to respond adequately to defendants' motions. [ECF No. 10, 22].

Pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e), this case was referred to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge: (1) grant Law Firm Defendants' motion to dismiss [ECF No. 5]; (2) deny Plaintiff's motion to remand [ECF No. 16]; (3) grant Plaintiff's motion to amend [ECF No. 15] to the extent it seeks to voluntarily dismiss her FCRA claim; (4) grant the motion to dismiss of SunTrust Banks, Inc., and SunTrust Bank [ECF No. 9]; and (5) grant in part and deny in part SunTrust's motion for judgment on the pleadings [ECF No. 20].

I.     Factual and Procedural Background

A review of the litigation history among these parties is necessary to resolve the pending motions. The facts are laid out in an order issued in the Foreclosure Action:[1]

> On September 12, 2011, SunTrust filed a foreclosure action against Daly concerning a mortgage on property located at 747 Rock Lake Glen, Fort Mill, South Carolina (the "Property"), under Case Number 2011-CP-46-3493 (the "Foreclosure Action"). On October 4, 2011, Daly filed an Answer and Counterclaim alleging various affirmative defenses and asserting counterclaims pursuant to which she sought damages.

---

[1] A court may take judicial notice of orders that are public record. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record").

2

On November 25, 2013, SunTrust and Daly participated in a mediation of the various matters raised in the Foreclosure Action. At mediation, the parties executed a Mediated Settlement Agreement. The parties agreed and understood that the agreement reached at mediation would be further memorialized by way of a formal settlement agreement.

On February 25, 2014, the parties executed a Confidential Settlement Agreement and Release ("Settlement Agreement"). The Settlement Agreement referenced and incorporated five (5) exhibits, most of which were pre-signed by the parties and to be held in trust in the event of Daly's default or non-performance under the negotiated terms. A copy of the parties' Settlement Agreement was presented to the Court at the hearing without objection.

The relevant provisions of the Settlement Agreement provide that: (1) SunTrust would report certain, specific information to credit reporting agencies using language negotiated and expressly agreed upon by the parties; (2) SunTrust would make a settlement payment of $20,000.00 to Daly; (3) SunTrust would allow Daly 120 days from the effective date of the Settlement Agreement to refinance the loan at issue in the Foreclosure Action; (4) Daly would dismiss her counterclaims in the Foreclosure Action, with prejudice, and broadly release any claims she may have against SunTrust relating to the Foreclosure Action, the Property and the loan; and (5) in the event Daly was unable or failed to refinance the loan within 120 days, the foreclosure would proceed on an uncontested basis in accordance with the terms of the Stipulation of Foreclosure.

On March 18, 2014, consistent with the terms the Settlement Agreement, SunTrust executed an Affidavit Confirming Credit Reporting Obligations. Thereafter, and in accordance with the Settlement Agreement, SunTrust filed the Stipulation of Partial Dismissal with Prejudice, dismissing Daly's Counterclaims. On that same date, SunTrust filed the Stipulation of Dismissal Pursuant to Rule 40(j), which served to dismiss the Foreclosure Action, which served to take the Foreclosure Action off the active docket during the 120-day period.

According to SunTrust, the 120-day period expired on June 25, 2014, at which time Daly had failed to refinance the loan. Accordingly, on July 1, 2014, SunTrust filed a Consent Order Restoring the Action Pursuant to Rule 40(j). On July 7, 2014, SunTrust filed the Stipulation of Foreclosure.

> On July 8, 2014, after the Foreclosure Action was restored, Daly filed a Complaint in Massachusetts state court ("Massachusetts Action") claiming that SunTrust had breached the Settlement Agreement by among other things, filing the Stipulation of Foreclosure in the South Carolina Foreclosure Action. The grav[amen] of the Massachusetts Action is Daly's allegation that SunTrust failed to comply with the credit reporting obligations of the Settlement Agreement, which she claims frustrated her attempts to refinance the loan. Importantly, Daly seeks in the Massachusetts Action specific performance of the Settlement Agreement and money damages for SunTrust's alleged breach. However, Daly does not seek to rescind the Settlement Agreement. Instead, she affirmatively seeks recovery based on the validity of the Settlement Agreement. Daly has also retained the $20,000.00 SunTrust paid to her in consideration of the Settlement Agreement.
>
> After filing the Massachusetts Action, Daly filed the Motion to Strike Stipulation of Foreclosure. In support of the Motion, Daly contends that the Court should strike the Stipulation of Foreclosure because it was obtained through "fraud, deceit and rnisrepresentation" and/or because it is "procedurally improper[."]Daly further contends that this matter is no longer a South Carolina foreclosure action, but rather is now a Massachusetts breach of contract action.
>
> SunTrust argues that South Carolina has jurisdiction over this Foreclosure Action and the Settlement Agreement. SunTrust further argues that Daly is barred from seeking the relief sought through her Motion to Strike because such remedy is inconsistent with the relief she seeks in the Massachusetts Action. Additionally, SunTrust argues that the Stipulation of Foreclosure is procedurally proper. Finally, SunTrust argues that Daly released any and all defenses to the Foreclosure Action pursuant to the terms of the Settlement Agreement, and thus cannot object to the foreclosure.

Foreclosure Action Order denying Plaintiff's motion to strike on December 11, 2014 ("Foreclosure Action Order"). [ECF No. 20-4]. The Foreclosure Action Order found "that no basis exists to strike the Stipulation of Foreclosure and the Stipulation is procedurally proper" and referred the matter to the Master in Equity for final foreclosure proceedings. *Id*.

4

The Massachusetts Action was dismissed on forum non conveniens grounds. [ECF No. 16-2]. On February 24, 2015, Plaintiff filed the instant action in state court, alleging contract and tort claims against defendants based on SunTrust's alleged failure to remove all negative information from her credit report and intentional circumvention of the spirit and intent of the Settlement Agreement. [ECF No. 1-1 at 5].

II.     Discussion

   A.     Motions to Remand and Amend

The undersigned first addresses Plaintiff's motion to remand, as it involves the court's subject matter jurisdiction. Defendants removed this action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff brought a cause of action under a federal statute, the FCRA. [ECF No. 1 at 2].[2] A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" unless expressly prohibited. 28 U.S.C. § 1441(a) (2006). The district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331 Additionally, pursuant to 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. *Id.* Claims are part of the same case or controversy if they derive from a common nucleus of operative facts. *Axel Johnson v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 662 (4th Cir. 1998) (quoting *United Mine*

---

[2] Plaintiff argues that state law creates "the cause of action." [ECF No. 16]. Plaintiff appears to misunderstand the term "cause of action." She has brought multiple causes of action, including a federal cause of action pursuant to the FRCA.

5

*Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)). Because all claims in Plaintiff's complaint are derived from a common nucleus of operative facts, the entire case was properly removed and the court has subject matter jurisdiction over the case.

Plaintiff's motions to remand and amend both request that she be allowed to dismiss her federal claim and then seek remand. [ECF No. 16 at 11 ("[T]his Court should interpret Plaintiff's filings as dismissing federal claims that are contained in her Complaint"); ECF No. 15 at 3 ("Plaintiff hereby respectfully requests that her Motion for Leave to Amend Verified Complaint be allowed so that Defendants' violation of Federal Credit Reporting Act under Count XII be removed."). To the extent Plaintiff seeks to voluntarily dismiss her FRCA claim, the undersigned recommends her motion to amend be granted. However, the undersigned declines to recommend remand on this basis.

Under applicable federal statutes, the court may retain or decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995) ("The doctrine of supplemental jurisdiction indicates that federal courts generally have discretion to retain or dismiss state law claims when the federal basis for an action drops away."). "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan*, 58 F.3d at 110. In determining whether to continue to exercise supplemental jurisdiction, the court should consider the following factors: (1) convenience and fairness to the parties, (2) the existence of any underlying issues of federal policy, (3) comity, and (4) considerations of judicial economy. *Id*. (citing *Carnegie-Mellon Univ. v. Cohill*, 484

U.S. 343, 350 n. 7 (1988)). As discussed below, for reasons related to Law Firm Defendants' motion to dismiss, remand would neither serve judicial economy nor would it be convenient and fair to the parties.

  B.  Standard on a Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Similarly, Fed. R. Civ. P. 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed. Such a motion should be granted when accepting the facts as pleaded in the complaint, the case can be decided as a matter of law. *S and S Const., Inc. of Anderson v. Reliance Ins. Co.*, 42 F. Supp. 2d 622, 623 (D.S.C. 1998)

7

C.  Law Firm Defendants' Motion to Dismiss

As an initial matter, Law Firm Defendants' motion for complex case designation is moot, as the case has been properly removed and no such designation exists in federal court. Law Firm Defendants also filed a motion to dismiss Plaintiff's complaint. "Generally, an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client." *Argoe v. Three Rivers Behavioral Ctr. and Psychiatric Sols.*, 697 S.E.2d 551, 554 (S.C. 2010) (quotations omitted). Further, an attorney owes no duty to a non-client unless he "breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client." *Stiles v. Onorato,* 318 S.C. 297, 300, 457 S.E.2d 601, 602 (S.C 1995). Plaintiff has not specified an independent duty that Law Firm Defendants owed her and allegedly breached or alleged facts showing they acted in their own personal interest, outside the representation of their client. Plaintiff argues that Law Firm Defendants acted with "fraud, deceit, and misrepresentation in orchestrated concert with their client." [ECF No. 25-1 at 8].[3] However, all of the allegations against Law Firm Defendants in the complaint concern actions they took in representing SunTrust. To the extent Plaintiff argues Law Firm Defendants conspired with their client, she has failed to adequately plead special

---

[3] Despite receiving an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) ("*Roseboro* order"), Plaintiff indicated for the first time in her response to SunTrust's motion for judgment on the pleadings that she had filed a response to Law Firm Defendants' motion to dismiss in state court. [ECF No. 25-1 at 2-10]. Although the court's copy of the response is not date-stamped, it appears that she filed the response in state court on May 5, 2015, and the case was removed on May 6, 2015. *Id*. Her response is not in the state court documents filed by Defendants upon removal.

damages to support a conspiracy claim, as discussed more fully below. Therefore, the undersigned recommends that Law Firm Defendants' motion to dismiss be granted.

If the district judge accepts the recommendation to dismiss Law Firm Defendants, the court will have diversity jurisdiction of this action. As discussed above, the court has the discretion to retain supplemental jurisdiction of Plaintiff's state claims, independently of any diversity jurisdiction. However, because the dismissal of Law Firm Defendants would provide a new basis for removal to this court, remand would be a waste of judicial resources, as well as the parties' time and money.[4]

D.     Motion to Dismiss of SunTrust Banks, Inc. and SunTrust Bank

In their motion to dismiss, SunTrust Banks, Inc., and SunTrust Bank argue that their relationship to SunTrust Mortgage is insufficient to subject them to liability. SunTrust Mortgage is a wholly-owned subsidiary of SunTrust Bank, and SunTrust Bank

---

[4] The undersigned issued special interrogatories to Plaintiff to determine whether she sought damages in excess of $75,000 to determine whether she had met the amount in controversy for diversity jurisdiction. The undersigned did so in order to evaluate the factors to consider in determining whether to retain supplemental jurisdiction. Plaintiff indicated that she could not represent that she was seeking $75,000 or less at the time she filed her complaint. [ECF No 33 at 1]. After questioning the court's intention in issuing the interrogatories, Plaintiff stated: "[I]t is Plaintiff's position that the case should have been remanded to the York County Court of Common Pleas as a matter of law some months ago. However, in order to move this case forward and out of apprehension that the case will not be remanded if she does not agree, Plaintiff will stipulate that she will not seek monetary damages in excess of $75,000.00, exclusive of costs and fees." *Id*. at 4. The court cannot accept Plaintiff's post-removal agreement to cap her damages. While clarifications of the amount sought at the time of removal may result in remand, limitations on damages after removal do not affect jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938) (post-removal amendment does not affect jurisdiction).

is a wholly-owned subsidiary of SunTrust Bank Holdings Company, which is a wholly-owned subsidiary of SunTrust Banks, Inc. [ECF No. 3]. Plaintiff appears to name the SunTrust parent companies as defendants in this action only because of their corporate relationship. [ECF No. 1-1 at 3–4].[5]

The law is well settled that a corporation's status as a parent company is not enough to subject it to liability for claims asserted against its subsidiary. *Mincey v. World Sav. Bank, FSB*, 614 F. Supp. 2d 610, 622-23 (D.S.C. 2008) (granting parent companies' motion to dismiss where complaint "allege[d] very little against [parent companies], other than their corporate relationship to [the subsidiary corporation], and the remaining allegations simply state[d] legal conclusions without any factual allegations"); *see also United States v. Bestfoods*, 524 U.S. 51 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries."). Therefore, the undersigned recommends the court grants the motion to dismiss of SunTrust Banks, Inc. and SunTrust Bank.

---

[5] Although the court issued Plaintiff a *Roseboro* Order informing her that her failure to respond may result in the motion being granted [ECF No. 10], she filed no response to the motion to dismiss of the SunTrust parent companies. In her response to SunTrust's motion for judgment on the pleadings, she includes a footnote stating "it was her belief that the Court would rule on her Motion to Remand first and that the Motion to Dismiss, therefore, was not properly before the court." [ECF No. 25 at n.1]. Plaintiff provides no basis for this belief and does not acknowledge the *Roseboro* order. Further, Plaintiff's argument in footnotes that SunTrust Mortgage is a sham subsidiary is based on pure speculation, which is insufficient to avoid dismissal.

E.  SunTrust's Motion for Judgment on the Pleadings

a.  Res Judicata/Issue Preclusion

SunTrust argues that the doctrines of res judicata and collateral estoppel preclude Plaintiff's claims in the instant suit. The undersigned disagrees. The order in the Foreclosure Action Order notes that Plaintiff was not seeking to rescind the Settlement Agreement, but instead sought recovery based on the validity of the Settlement Agreement. [ECF No. 20-4 at 3]. The court concluded "that no basis exists to strike the Stipulation of Foreclosure." *Id.* at 4. The Foreclosure Action Order did not contain any findings regarding whether either party had breached the Settlement Agreement. Therefore, the issue was not directly determined in the Foreclosure Action, as required to apply collateral estoppel. *See Carrigg v. Cannon*, 552 S.E.2d 767, 770 (S.C. Ct. App. 2001) (holding that a party asserting collateral estoppel must show that the issue was actually litigated and directly determined in the prior action and that the matter of fact directly in issue was necessary to support the first judgment).

Res judicata does not preclude Plaintiff's claims. SunTrust argues that Plaintiff's claims in the instant case are barred now, as they should have been brought as compulsory counterclaims in the Foreclosure Action. [ECF No. 20 at 8–10]. SunTrust urges this court to rule that Plaintiff's claims for breach of the Settlement Agreement were required to have been brought in the same case that the Settlement Agreement was created to resolve. While the contract allegedly breached—the Settlement Agreement—was related to the Foreclosure Action by its very nature, it did not exist when the

11

Foreclosure Action was filed and could not have been the subject of a compulsory counterclaim. Therefore, collateral estoppel and res judicata do not bar Plaintiff's action.

        b.      Breach of Implied Covenant of Good Faith and Fair Dealing

SunTrust argues it is entitled to dismissal of Plaintiff's claim of breach of the implied covenant of good faith and fair dealing, as South Carolina does not recognize this claim as an independent cause of action. "[T]he implied covenant of good faith and fair dealing is not an independent cause of action separate from the claim for breach of contract." *RoTEC Servs, Inc. v. Encompass Servs, Inc.*, 597 S.E.2d 881, 884 (S.C. Ct. App. 2004) (affirming an order for summary judgment dismissing a claim for breach of the implied covenant of good faith and fair dealing as redundant with a claim for breach of contract). The undersigned recommends this claim be dismissed.

        c.      Violation of the South Carolina Unfair Trade Practices Act

Plaintiff's cause of action for violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20 ("SCUPTA") is also subject to dismissal. South Carolina courts have held that SCUPTA is not available to redress a private wrong:

> The SCUTPA is unavailable to redress private wrongs if the public interest is unaffected. An unfair or deceptive act or practice that affects only the parties to a trade or a commercial transaction is beyond the Act's embrace. Unfair or deceptive acts or practices have the potential for repetition. A deliberate or intentional breach of a valid contract, without more, does not constitute a violation of the SCUTPA. Otherwise, every intentional breach of a contract within a commercial setting would constitute an unfair trade practice and thereby subject the breaching party to treble damages.

*Ardis v. Cox*, 431 S.E.2d 267, 271 (S.C. Ct. App. 1993) (internal citations omitted). Although Plaintiff has alleged generally that SunTrust's actions have had an impact on

the public interest, she has failed to allege any factual allegations to demonstrate an impact on the public interest. Plaintiff argues that SunTrust has "demonstrated similar deceptive acts in the past" and therefore its actions are capable for repetition. [ECF No. 25 at 21]. However, Plaintiff has failed to show that her allegations directly or indirectly affects the rights of anyone besides the contracting parties. *See Key Co., Inc v. Fameco Distributors, Inc.*, 357 S.E.2d 476, 478 (S.C. Ct. App. 1987) (finding that a breach of contract, without more, does not constitute a violation of the SCUTPA).  Therefore, because Plaintiff has failed to allege facts demonstrating the alleged unfair trade practices have an impact on the public, her claim under SCUPTA should be dismissed.

    d.  Abuse of Process

Plaintiff's claim for abuse of process fails to state a claim for which relief can be granted. The abuse of process tort provides a remedy for one damaged by another's perversion of a legal procedure for a purpose not intended by the procedure. *Food Lion, Inc. v. United Food & Com. Workers Intern. Union*, 567 S.E.2d 251, 253 (S.C. App. 2002); *see also Huggins v. Winn-Dixie Greenville, Inc.*, 153 S.E.2d 693, 695 (1967) ("[A]n abuse of process is the employment of legal process for some purpose other than that which it was intended by the law to effect-the improper use of a regularly issued process."). Here, in her recitation of allegations to support her claim for abuse of process, Plaintiff alleges only that defendants failed to remove all negative information from her credit reports. [ECF No. 1-1 at 26–27]. Plaintiff does not identify any legal process that was improperly employed, but alleges only that SunTrust sought to foreclose upon her property. Such allegations are insufficient to state a claim for abuse of process under

13

South Carolina law, and the undersigned recommends Plaintiff's claim for abuse of process be dismissed.

### e. Fraud

SunTrust argues that Plaintiff has failed to plead fraud with particularity, including the date, time, and identities of those making the alleged misrepresentations. However, in her complaint, Plaintiff references various exhibits. The court does not have a copy of such exhibits, and it is unclear whether Plaintiff failed to attach such exhibits to her complaint or whether Defendants failed to include them in the state court records attached to the Notice of Removal. Liberally-construing Plaintiff's pro se complaint, the undersigned cannot conclude that Plaintiff's allegations, when combined with the referenced exhibits do not provide the particularity required under Fed. R. Civ. P. 9. Therefore, the undersigned recommends SunTrust's motion be denied as to Plaintiff's fraud claim at this time.

### f. Intentional Infliction of Emotional Distress/Outrage

To state a claim for intentional infliction of emotional distress, a party must establish (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the actions of defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it. *Bergstrom v. Palmetto Health Alliance*, 596 S.E.2d 42, 48 (2004).

Initially, it is for the trial court to determine whether the defendant's conduct may be considered so extreme and outrageous as to permit recovery, and only where reasonable minds might differ should the issue be submitted to the jury. *Hainer v. Am. Med. Int'l, Inc.*, 465 S.E.2d 112, 117 (S.C. Ct. App. 1995), *aff'd as modified*, 492 S.E.2d 103 (1997). The undersigned finds that no reasonable juror could find that SunTrust's alleged breach of contract and failure to remove all negative information from Plaintiff's credit report "exceeded all possible bounds of decency" such that it should be "regarded as atrocious and utterly intolerable in a civilized community." *Bergstrom*, 596 S.E.2d at 48. Therefore, the undersigned recommends Plaintiff's claim for intentional infliction of emotional distress be dismissed.

### g.  Negligence/Reckless/Willful Misconduct

Defendants argue that Plaintiff's claim for negligence or reckless and willful misconduct must be dismissed because SunTrust did not owe a duty to Plaintiff. [ECF No. 20 at 18–20]. "[T]he law is well-settled that breach of contractual duties does not give rise to an action in tort for negligence." *Tadlock Painting Co. v. Maryland Cas. Co.*, 473 S.E.2d 52, 55 n.5 (1996). Plaintiff contends, without citing any law in support, that there is a special relationship between mortgagee and mortgagor that creates a duty. The undersigned disagrees. Under South Carolina law, a fiduciary relationship exists when one imposes a special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard for the interests of the one imposing the confidence. *Richland County v. Carolina Chloride*, 677 S.E.2d 892, 898 (S.C. Ct. App. 2008). Typically, the lender/borrower relationship is a creditor/debtor

15

relationship and not a fiduciary relationship. *Am. Fed. Bank, FSB v. Parker*, 392 S.E.2d 798, 801 (S.C. Ct. App. 1990). The undersigned recommends Plaintiff's eleventh cause of action be dismissed.

### h. Civil Conspiracy

Plaintiff's claim for civil conspiracy also fails. It is well-established that, when a claim for civil conspiracy merely re-alleges or incorporates acts previously alleged to support other claims and fails to allege additional acts in furtherance of the conspiracy, the claim for civil conspiracy fails to state a cause of action under South Carolina law. *Kuznik v. Bees Ferry Assocs.*, 538 S.E.2d 15, 31 (S.C. Ct. App. 2000) (dismissing claim for civil conspiracy that merely re-alleged acts complained of in other causes of action).A review of the complaint reveals that Plaintiff fails to provide any facts supporting the recitation that she has suffered special damages, a requirement of the tort. *Pye v. Estate of Fox*, 633 S.E.2d 505, 511 (S.C. 2006). "The presence of a few conclusory legal terms does not insulate a complaint from dismissal . . . when the facts alleged in the complaint cannot support" the legal conclusion. *Young*, 238 F.3d at 577 (4th Cir. 2001). Therefore, the undersigned recommends Plaintiff's claim of civil conspiracy be dismissed.

### i. Remaining Claims

Plaintiff has acknowledged that her requests for declaratory relief and specific performance are now moot. [ECF No. 25 at 14]. Further, she has voluntarily dismissed her claim under the FCRA. [ECF No. 15]. Although she lists her request for injunctive relief as a separate count [ECF No. 1-1 at 27], such request relates to relief sought and is not an independent cause of action. Therefore, if the district judge accepts this

16

recommendation, the following causes of action would remain: breach of contract, fraud/misrepresentation, intentional interference with advantageous business relations, and breach of contract accompanied by a fraudulent act.

Additionally, SunTrust's counterclaim against Plaintiff remains pending. Plaintiff has not filed a responsive pleading to the claim.[6]

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge: (1) grant Law Firm Defendants' motion to dismiss [ECF No. 5]; (2) deny Plaintiff's motion to remand [ECF No. 16]; (3) grant Plaintiff's motion to amend [ECF No. 15] to the extent it seeks to voluntarily dismiss her FRCA claim;[7] (4) grant the motion to dismiss of SunTrust Banks, Inc and SunTrust Bank [ECF No. 9]; and (5) grant in part and deny in part SunTrust's motion for judgment on the pleadings [ECF No. 20]. The undersigned notes that Law Firm Defendants' motion for complex case designation [ECF No. 4] is moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 29, 2016                                    Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[6] SunTrust filed a certificate of service with its answer and counterclaim. [ECF No. 13]. Although Plaintiff claimed not to have received Plaintiff's answer and counterclaim, she was aware of it having been filed as early as August 18, 2015. [ECF No. 26].

[7] No amended complaint need be filed to effect such relief, and no responsive pleading is required.

17

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).