

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| LOREEN DALY, § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 0:15-1930-MGL-SVH |
| § | |
| SUNTRUST MORTGAGE, INC.; § | |
| SUNTRUST BANKS, INC.; SUNTRUST § | |
| BANK; PARKER POE; and KRISTA M. § | |
| MCGUIRE, Esq., § | |
|     Defendants. § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION

This case was filed as a Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that (1) Defendants Parker Poe and Krista M. McGuire (Law Firm Defendants)'s motion to dismiss be granted; (2) Plaintiff's motion to remand be denied; (3) Plaintiff's motion to amend, seeking to voluntarily dismiss her FCRA claim, be granted; (4) Defendants SunTrust Banks, Inc. and SunTrust Bank's motion to dismiss be granted; (5) Defendant SunTrust Mortgage, Inc. (Defendant SunTrust Mortgage)'s motion for judgment on the pleadings be granted in part and denied in part; and (6) Law Firm Defendants' motion for complex case designation be denied as moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 29, 2016, and Plaintiff and Defendant SunTrust Mortgage filed their objections to the Report on February 16, 2016. The Court has reviewed the objections, but finds them without merit. Therefore, it will enter judgment accordingly.

As a starting point, Plaintiff notes that she does not object to the Magistrate Judge's recommendation that Defendants SunTrust Banks, Inc. and SunTrust Bank's motion to dismiss be granted. ECF No. 38 at 4. Likewise, Plaintiff does not oppose the Magistrate Judge's suggestion that Count II—alleging breach of the implied duty of good faith and fair dealing—and Count IX—alleging negligence, gross negligence, reckless, or willful misconduct—of her Complaint be dismissed. *Id.* Additionally, Plaintiff has acknowledged that her requests for declaratory relief and specific performance are now moot. ECF No. 25 at 14.

Turning now to Plaintiff's objections to the Report, Plaintiff first objects to the Magistrate Judge's recommendation that her motion to remand be denied. As discussed below, because the Court will grant Law Firm Defendants' motion to dismiss, even if the Court were to dismiss Plaintiff's FCRA claim and no longer have federal question jurisdiction over the action, the Court will still have diversity jurisdiction over this action, and the Court will therefore deny Plaintiff's

motion to remand. Although the Magistrate Judge suggested that Plaintiff's motion to amend, seeking to voluntarily dismiss her FCRA claim, be granted, Plaintiff has since retracted her initial request to dismiss her FCRA claim. ECF No. 38 at 16. Plaintiff now advises the Court that if her motion to remand is denied, she requests that her motion to amend also be denied and her FCRA claim not be dismissed. *Id.* Because the Court will deny Plaintiff's motion to remand, the Court will also deny Plaintiff's motion to amend, thus allowing her FCRA claim against Defendant SunTrust Mortgage to proceed.

Plaintiff next takes issue with the Magistrate Judge's recommendation that the Law Firm Defendants' motion to dismiss be granted. Plaintiff asserts that she has presented facts establishing a cause of action against Law Firm Defendants, particularly when considering the exhibits she claims were attached to her original Complaint in state court. *Id.* at 11-12. However, after reviewing the attached exhibits, the Court disagrees with Plaintiff and finds that the facts alleged show neither that Law Firm Defendants breached any independent duty they may have owed Plaintiff nor that they acted in their own personal interest. Consequently, the Court will overrule Plaintiff's second objection and will grant Law Firm Defendants' motion to dismiss.

Third, Plaintiff objects to the Magistrate Judge's recommendation that her cause of action against Defendant SunTrust Mortgage for violation of the South Carolina Unfair Trade Practices Act (SCUTPA), S.C. Code Ann. § 39-5-20, be dismissed. Plaintiff avers that the exhibits attached to her Complaint establish an impact on the public interest, which should allow her to proceed with her SCUTPA cause of action. *Id.* at 12-13. Nevertheless, because the Court will deny Plaintiff's motions to remand and amend, allowing Plaintiff's FCRA cause of action to proceed, Plaintiff's SCUTPA cause of action must be dismissed because it is preempted by the FCRA. *See* 15 U.S.C.

1681t(b)(1)(F) (providing in relevant part that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies"). Thus, the Court will overrule Plaintiff's third objection as well.

In her fourth and fifth objections, Plaintiff disagrees with the Magistrate Judge's recommendation that her abuse of process and intentional infliction of emotional distress claims against Defendant SunTrust Mortgage be dismissed. ECF No. 38 at 13-14. However, in her objections, Plaintiff generally reiterates claims that the Magistrate Judge has already considered and rejected. Because the Court agrees with the Magistrate Judge's treatment of those issues, it need not discuss them again here. Therefore, it will overrule Plaintiff's fourth and fifth objections.

Sixth, Plaintiff objects to the Magistrate Judge's suggestion that her civil conspiracy claim against Defendant SunTrust Mortgage be dismissed. Plaintiff propounds that her failure to list specific special damages is not fatal to her civil conspiracy claim. *Id.* at 15. However, Plaintiff has failed to provide any facts supporting her allegations of special damages as required under South Carolina law, so her civil conspiracy claim must likewise be dismissed. *See Pye v. Estate of Fox*, 633 S.E.2d 505, 511 (S.C. 2006) (setting forth the elements of the tort of civil conspiracy). Therefore, the Court will overrule Plaintiff's sixth objection as well.

The Court now turns to Defendant SunTrust Mortgage's objections to the Report. First, Defendant SunTrust Mortgage objects to the Magistrate Judge's recommendation that the motion for judgment on the pleadings be denied as to Plaintiff's fraud claim. ECF No. 37 at 1-2. Defendant SunTrust Mortgage states that Plaintiff never filed the exhibits referenced in her Complaint in state court, *id.* at 1, a contention Plaintiff vehemently denies, ECF No. 46 at 1. After examining the

4

recently filed exhibits, the Court is unable to conclude that Plaintiff has failed to provide the particularity required under Rule 9 of the Federal Rules of Civil Procedure, and the Court consequently overrules Defendant SunTrust Mortgage's first objection.

Second, Defendant SunTrust Mortgage objects to the Magistrate Judge's finding that the doctrines of res judicata and collateral estoppel do not preclude Plaintiff's claims in this action. ECF No. 37 at 2-3. Defendant SunTrust Mortgage claims that the Foreclosure Action Order, ECF No. 20-5, makes findings regarding alleged breaches of the Settlement Agreement. However, as noted by the Magistrate Judge, the Foreclosure Action Order makes no specific findings regarding whether either party breached the Settlement Agreement. ECF No. 35 at 11. Rather, Defendant SunTrust Mortgage asks this Court to read into the Foreclosure Action Order a determination that Defendant SunTrust Mortgage did not breach the Settlement Agreement. ECF No. 37 at 2. The Court declines to do so, holding that the issue of whether either party had breached the Settlement Agreement was not directly determined in the Foreclosure Action. *See Carrigg v. Cannon*, 552 S.E.2d 767, 770 (S.C. Ct. App. 2001) (setting forth the elements of collateral estoppel under South Carolina law). Therefore, it will also overrule Defendant SunTrust Mortgage's second objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections in part and overrules Defendant SunTrust Mortgage's objections in full, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court that (1) Law Firm Defendants' motion to dismiss is **GRANTED**; (2) Plaintiff's motion to remand is **DENIED**; (3) Plaintiff's motion to amend is **DENIED**; (4) Defendants SunTrust Banks, Inc. and SunTrust Bank's motion to dismiss is **GRANTED**; (5) Defendant SunTrust Mortgage, Inc.'s motion for judgment on the

5

pleadings is **GRANTED IN PART AND DENIED IN PART**; and (6) Law Firm Defendants' motion for complex case designation is **DENIED AS MOOT**.  Further, Plaintiff's request for injunctive relief is **DISMISSED** because it is not an independent cause of action.  Upon entry of this Order, the following causes of action remain: violation of the FCRA, breach of contract, fraud/misrepresentation, intentional interference with advantageous business relations, and breach of contract accompanied by a fraudulent act.

**IT IS SO ORDERED**.

Signed this 29th day of February, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.