IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Loreen Daly, ) | C/A No.: 0:15-1930-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| SunTrust Mortgage, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Loreen Daly, proceeding pro se, filed this case in the Court of Common Pleas for York County, South Carolina, on February 24, 2015, alleging state law causes of action and a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). [ECF No. 1-1]. She alleges SunTrust Mortgage, Inc. ("SunTrust"), failed to remove negative credit information from her credit report pursuant to a Settlement Agreement ("Agreement") reached in a state foreclosure action ("Foreclosure Action") concerning property located at 747 Rock Lake Glen, Fort Mill, South Carolina ("the Property"). SunTrust removed the action to this court on May 6, 2015. [ECF No. 1].

This matter comes before the court on SunTrust's motions (1) to amend its answer to add an additional counterclaim [ECF No. 51], and (2) to compel more complete responses from Plaintiff to its first set of interrogatories and requests for production [ECF No. 54]. Pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e), this case was referred to the undersigned for all pretrial proceedings.

I.      Motion to Amend

SunTrust seeks to add a counterclaim to collect on a promissory note ("the Note") that was once a subordinate lien secured by the Property. Plaintiff argues the additional counterclaim: (1) would be prejudicial because it was "not contemplated by the original complaint" and (2) would be futile because Plaintiff was current on the Note until May 31, 2015, and SunTrust foreclosed on the Property on July 6, 2015; and (3) is made in bad faith because SunTrust did not include it in the Foreclosure Action. [ECF No. 52 at 4–6].

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted).

Although Plaintiff claims she would be prejudiced by SunTrust's failure to assert the counterclaim earlier in this proceeding, SunTrust has moved to amend within the time permitted by the scheduling order. Therefore, SunTrust's motion is timely, not dilatory. Additionally, Plaintiff claims the amendment would be futile and was made in bad faith because she was current on the Note when the complaint was filed and SunTrust has now foreclosed on the Property securing the Note. As SunTrust points out, the deficiency judgment on the first mortgage did not extinguish the subordinate Note, but changed it to unsecured debt. [ECF No. 53]. Additionally, at the time SunTrust filed the Foreclosure Action and Plaintiff filed the instant complaint, Plaintiff was not in arrears on the Note,

so SunTrust had not "intentionally ignored the second mortgage" by failing to include it in the Foreclosure Action, as Plaintiff claims. [ECF No. 52 at 5]

Because Plaintiff has not shown that SunTrust's proposed counterclaim is prejudicial, made in bad faith, or futile, SunTrust's motion to amend is granted. Plaintiff's deadline to answer the counterclaim or otherwise plead is September 2, 2016.

II.     Motion to Compel

SunTrust filed a motion to compel on June 30, 2016, after having sent Plaintiff a letter dated June 3, 2016, requesting clarification or supplementation of the discovery deficiencies. Plaintiff filed no response to the motion to compel. Pursuant to Local Civ. Rule 7.06 (D.S.C.), when no memorandum is filed in opposition to a motion, the court decides the motion on the record before the court. After a review of the motion and its attachments [ECF No. 54], the court grants the motion to compel. Plaintiff's clarified and supplemented responses are due to SunTrust by September 2, 2016.

III.    Pro se Representation

Although Plaintiff is proceeding pro se, Plaintiff's discovery responses indicate that her sister, a Massachusetts attorney, has been assisting her with this case. [ECF No. 54-2 at 5–6]. The court warns Plaintiff and her sister that an attorney licensed outside of South Carolina engages in the unauthorized practice of law when she performs activities constituting the practice of law in a South Carolina case. *See South Carolina Medical Malpractice Joint Underwriting Ass'n v. Froelich*, 377 S.E.2d 306 (S.C. 1989) (finding an attorney licensed in Illinois, but not in South Carolina, had engaged in unauthorized practice of law by representing South Carolina medical malpractice clients in court,

conferences, and settlement negotiations); *see also* Mass. R. Prof. Conduct 5.5(a) ("A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so."). Furthermore, Plaintiff lists her sister as a witness. Both South Carolina and Massachusetts have ethical rules prohibiting a lawyer to act as an advocate and a witness except under limited circumstances. Further involvement of Plaintiff's sister in this matter may obligate the court to report her to the relevant disciplinary authority.

IV.   Conclusion

For the foregoing reasons, the undersigned grants SunTrust's motions (1) to amend its answer to add an additional counterclaim [ECF No. 51], and (2) to compel more complete responses from Plaintiff to its first set of interrogatories and requests for production [ECF No. 54].

IT IS SO ORDERED.

*Shiva V. Hodges*

August 23, 2016                                  Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

4